IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHRISTINA KYEONGHEE KIM,

    Defendant.
                             /

No. CR 06-00233 WHA

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE AND VACATING JANUARY 7 HEARING**

## INTRODUCTION

Defendant has filed a motion for early termination of supervised release. For the reasons stated below, the motion is **DENIED**. The hearing set for January 7, 2014 is accordingly **VACATED**.

## STATEMENT

On April 10, 2007, defendant Christina Kyeonghee Kim pled guilty to 47 counts of bank fraud and one count of mail fraud. Defendant was then sentenced to a term of custody with the Bureau of Prisons, followed by five years of supervised release. This term of supervision began on January 14, 2011, and is set to expire on January 13, 2016. In addition, defendant has been ordered to pay $1,131,293 in restitution as part of the amended judgment; probation reports that of this amount, $1,122,842.74 remains to be paid.

On December 6, 2013, defendant filed the present motion for early termination of supervised release. Both the government and probation have submitted responses to the motion. For the following reasons, the motion is **DENIED**.

## ANALYSIS

Under the factors of Section 3553(a) of Title 18 of the United States Code, a court may terminate a term of supervised release "after the expiration of one year of supervised release . . . ." 18 U.S.C. 3583(e)(1). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), *and* (a)(7).

In her motion, defendant seeks early termination because "[b]eing on supervised release can prevent her from becoming an interpreter and moving forward with her career goals" (Br. 3). Defendant is in the process of becoming a certified Korean court interpreter, and to that end, has submitted documents showing her progress on the written and oral examination components. According to defendant, being on supervised release may prevent her from being hired for Korean interpreter positions — due to court programs' background checks on applicants — and from traveling as needed for such positions.

Defendant has completed nearly three years of supervised release. United States Probation Officer Anuja Gregg submits that defendant has generally remained in compliance with her terms of supervision during that time. Probation, however, opposes early termination because defendant failed to make her monthly restitution payment of $100 for October and November of 2013. Furthermore, Probation Officer Gregg reports that defendant "has not done anything extraordinary during her term of supervision that would warrant early termination" (Dkt. No. 74).

The government likewise opposes early termination for similar reasons. In addition to defendant being $200 behind in restitution payments, the government asserts that defendant has not maintained gainful employment to pay off the outstanding restitution balance of $1,122,842.74. Indeed, defendant points to six months in an administrative position at a plastic surgery center as her only employment experience since her release from custody; defendant then became her father's full-time caregiver and a volunteer interpreter on two occasions thereafter. Moreover, the government alleges that one of the character letters attached to defendant's motion for early termination may be a forgery. The letter in question supposedly comes from Mrs. Sang Lee, who reported that she had never seen, much less signed, this letter after the government contacted her and e-mailed her a copy of the letter for review.

It is alarming that Mrs. Lee's letter may have been forged, especially in light of defendant's past fraudulent scheme involving the use of foreign exchange students' personal information to obtain credit card accounts, bank accounts, and social security numbers. This is in addition to the earlier submission of misleading information for defendant's presentence report, concerning how she obtained degrees from the University of Southern California and how her daughter attended Harvard University — neither of which was true.

Nonetheless, even ignoring the issues raised by Mrs. Lee's supposed letter, this order finds that early termination of supervised release is unwarranted. This is in light of the factors that a court must consider under Section 3583, including the nature of the offense, deterrence, and the need for restitution, as well as defendant's lack of continual work and her failure to pay restitution in October and November of 2013.

The motion for early termination is therefore **DENIED**. Furthermore, the hearing set for January 7, 2014 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 27, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3